IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY; and FIRST FINANCIAL INSURANCE COMPANY;<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>VIKRAMSINH DEVDHARA, individually and dba AUBURN HOTEL; BALWANTSINH THAKOR, individually and dba AUBURN HOTEL; AND DOES 1 THROUGH 25,<br><br>　　　　Defendants. | Case No.: CV 09-00421 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FEDERAL ACTION OR, ALTERNATIVELY, TO STAY PLAINTIFFS' FEDERAL COURT ACTION AND DISMISS PLAINTIFFS' THIRD CAUSE OF ACTION FOR REIMBURSEMENT OF INDEMNITY/SETTLEMENT COSTS** |

Before the Court is Defendants Vikramsinh Devdhara, individually and DBA Auburn Hotel, Balwantsinh Thakor, individually and DBA Auburn Hotel's (collectively "Defendants") Motion to Dismiss Plaintiffs' Federal Court Action or, Alternatively, to Stay Plaintiffs' Federal Court Action and Dismiss Plaintiffs' Third Cause of Action for Reimbursement of Indemnity/Settlement Costs.  Plaintiffs The Burlington Insurance Company ("Burlington") and First Financial Insurance Company ("First Financial") (collectively "Plaintiffs") oppose the motion in all respects.

For the following reasons, the Court **DENIES** the motion in all respects.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendants owned and operated a hotel in San Francisco which became the subject of an underlying class action lawsuit in San Francisco Superior Court ("Underlying Action") in which Defendants were sued by current and former tenants for allegedly uninhabitable conditions. Plaintiffs provided a defense for Defendants in the Underlying Action, pursuant to general liability insurance policies issued to Defendants by Plaintiffs.  The defense was provided under a

reservation of Plaintiffs' rights.  The state court in the Underlying Action has preliminarily approved the settlement of that case.

In connection with the Underlying Action, Plaintiffs claim to have incurred defense costs in excess of $75,000 and settlement obligations on behalf of Defendants in the amount of $700,000.  In the instant action, Plaintiffs claim they are entitled to recover from Defendants for some or all of those costs and obligations.  The First Amended Complaint includes separate causes of action for reimbursement of defense costs and for reimbursement of the payments to be made for the settlement obligations.  It also includes a cause of action for declaratory judgment in which Plaintiffs seek a Court declaration of the parties' rights and obligations, but only "[t]o the extent necessary to grant the monetary relief requested" in connection with the reimbursement claims.

Defendants seek dismissal of the action on a variety of grounds.  As discussed below, the Court does not find that this action, or any part of it, should be dismissed or stayed.

## DISCUSSION

### I.     Amount In Controversy

Defendants first argue that the Court lacks jurisdiction over this matter because the amount in controversy does not exceed $75,000 as required by 28 U.S.C. §1332(a) and/or that the dispute is not ripe for judicial consideration.  The Court finds that the complaint sufficiently alleges that the amount in controversy exceeds $75,000 and that the dispute is ripe for adjudication in this Court. It is undisputed that Plaintiffs have incurred obligations to pay a total of $700,000 in settlement of the Underlying Action, with Burlington to pay $400,000 and First Financial to pay $300,000, and that Plaintiffs seek to recover those sums from Defendants.

In actions that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim.  *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997); *St. Paul Reinsurance Co. v.*

*Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998); Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 3d* § 3710 (3d ed.1998).  Here, the value of the tenants' claims in the Underlying Action is clearly greater than $75,000 – a settlement of $700,000 to be paid by Plaintiffs has been preliminarily approved by the underlying court.[1]  As parties to this settlement agreement, Plaintiffs' potential liabilities are $300,000 and $400,000.  It is immaterial that these amounts have not yet actually been paid to the underlying plaintiffs – these potential exposures to insurers should be included in any "amount in controversy" calculation.

The Ninth Circuit also has held that suits filed by insurers against their insureds to resolve coverage issues – even pure declaratory relief actions – can be sufficiently ripe before the underlying liability action had proceeded to judgment.  See *Eureka Federal Savings & Loan Ass. v. American Casualty Co.*, 873 F.2d 229, 232 (9th Cir, 1989) ("The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment . . . . To delay for the sake of more concrete development would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs.").  See also *American States Insurance v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994); *Aetna Casualty and Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992).

Just because Plaintiffs here have incurred the settlement obligations but have not yet made payment of them does not mean the amount in dispute should not include the Plaintiffs' promises to pay $700,000 and their causes of action seeking reimbursement of that figure.  For these reasons, the amount in controversy meets the jurisdictional requirement under the statute, and the matter is ripe for adjudication.

///

---

[1] The total amount of the settlement in the Underlying Action is $1 million.  Other insurers are paying the additional $300,000.

- 3 -

**II.     Jurisdictional Abstention Doctrine**

Defendants' next contention is that this Court should abstain from exercising jurisdiction because this matter includes a request for declaratory relief. Their argument fails, for several reasons. First, abstention may be appropriate only in four types of cases: (1) cases involving a federal constitutional issue that might be affected or mooted by a state court determination of state law; (2) cases presenting questions of state law that bear on important public policy concerns whose "importance transcends the result in the case at bar" or where federal review would confuse a state's "elaborate review system;" (3) cases in which federal jurisdiction has been sought simply to stall state criminal proceedings; or (4) cases presenting "exceptional circumstances." *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed. 483 (1976).

The case at bar does not involve either a federal constitutional question, an elaborate state review system, or the stalling of state proceedings of a criminal or a civil nature. Therefore, the Court must analyze the case under the fourth exception identified in *Colorado, supra*, and decide whether to abstain under the standards established under what is commonly referred to as the "*Colorado River* Doctrine." The Supreme Court in *Colorado River* held that: federal courts have a "virtually unflagging obligation" to exercise jurisdiction conferred on them by Congress (*Id* at 817-818), "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule" (*Id* at 813), and a district court may decline to exercise jurisdiction only in exceptional circumstances (*Id.*) Later courts considering the *Colorado River* Doctrine have applied multiple factors to determine whether "exceptional circumstances" exist in any given case sufficient to warrant jurisdictional abstention. None of the factors considered by those courts apply here to deem this an "exceptional" case where abstention would be appropriate.

Moreover, the Ninth Circuit has held that a court need not engage in any such detailed multi-factor analyses in the first instance where there exists "a substantial doubt as to whether the

state proceedings will resolve the federal action." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908 (9th Cir. 1993).  Where there is such doubt, there should be no abstention.  The Ninth Circuit explained that rationale behind this notion is based on the Supreme Court's reasoning in *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 28, 103 S.Ct. 927, 943 (1983):

> When a district court decides to dismiss . . . under *Colorado River* it presumably concludes that the parallel state court litigation will be an adequate vehicle for complete and prompt resolution of the issues between the parties.  If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant . . . the dismissal at all.

The Court reiterated its concern for the prompt and final resolution of all disputed issues in a later discussion of the *Colorado River* Doctrine, declaring that a District Court may abstain only if it has "full confidence" that the parallel state proceeding will end the litigation.  *Gulfstream Aerospace Corp. v. Maycamas Corp.*, 485 U.S. 271, 277, 108 S.Ct. 1133, 1137 (1988).  The Court cannot make such finding.

Defendants' further argue that the Court should abstain from exercising jurisdiction based on their characterization that Plaintiffs' action is "truly a declaratory relief action."  They rely on *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995) and *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), two cases that involved pure declaratory relief actions.

In *Brillhart*, the plaintiff insurer brought suit only for a declaratory judgment to determine its rights under a reinsurance agreement issued in 1932.  There was no claim for the recovery of any money damages.  Therefore, the case involved exclusively a declaratory relief action, which the Court found was suited for resolution in state court.  The holding set out factors that could be considered if a court were to decline to exercise jurisdiction where there was also a pending state court action involving the same matter wherein the insurance coverage question would be resolved.

Importantly, *Brillhart* was decided in 1942, over 30 years before *Colorado River* came down, and it only applies to pure declaratory judgment actions.

Similarly, in *Karussos* the insurer filed an original jurisdiction diversity case in which it sought a judicial determination that it had no duty to defend or indemnify its insured in an underlying lawsuit. It was not seeking any money damages. Instead, it was asking the court to find that it had no duties to its insured in connection with the liability claims asserted in the underlying action. There were no separate causes of action asserted by the insurer in *Karussos* in which it sought to recovery money damages. The court explained:

> [T]he parties attempt to portray this case as one for a money judgment rather than declaratory relief. That effort fails. . . . [T]he request for a determination of [insurer's] duties regarding [insured] Karussos ***is purely declaratory in nature and comes wholly unencumbered by any request for any money judgment.*** (emphasis added) *Karussos*, 65 F.3d at 801.

For that reason, the court in *Karussos* went on to find that, under the *Brillhart* factors, it should apply its discretion to determine if abstaining from exercising jurisdiction was appropriate.

Here the Court cannot follow the lead of the courts in *Brillhart* or *Karussos* because Plaintiffs' action is one for money damages, not just declaratory relief. The declaratory relief request is secondary to the money damages claims and very likely may be dismissed by the Court in any event as being unnecessary for the resolution of the damages claims. That Plaintiffs' complaint is for money damages is plainly shown by the allegations of the operative pleading, which provides:

> **First Cause of Action (Equitable Indemnity)**: Plaintiffs are "entitled to equitable indemnity from each of the Insureds . . . for any and all amounts that have been and may, in good faith, paid by Burlington and FFIC for the defense and/or settlement of the Underlying Action." First Amended Complaint, at para. 22.
>
> **Second Cause of Action (Reimbursement of Defense Costs)**: Plaintiffs "are entitled to reimbursement of some or all of defense costs they have paid and/or will pay to, or on behalf of, the insureds, pursuant to *Buss v. Superior Court* (1997) 16 Cal.4th 35. *Id.* at para. 24.

**Third Cause of Action (Reimbursement of Indemnity/Settlement Payments)**: Plaintiffs "are entitled to recover some or all of any indemnity and/or settlement proceeds they have paid and/or will pay to Insureds, or to any party on behalf of Insureds, pursuant to *Blue Ridge Ins. Co. v. Jacobson* (2001) 25 Cal.4th 489. *Id.* at para. 29.

Further, in the *ad damnum* of the first amended complaint, Plaintiffs pray as follows:

"1.    For judgment for money damages against each of the Insureds . . . in amounts reflecting some or all of the indemnification and/or settlement paid by" insurers in connection with the Underlying Action.

2.    For judgment for money damages against each of the Insureds . . . in amounts reflecting some or all of the defense costs paid by" insurers to defend insureds in the Underlying Action." *Id.* at page 8, lines 5-11.

Our decision is further guided by the Supreme Court's clarification (post *Brillhart* and post *Colorado River*) as to the extent to which a federal court has discretion to dismiss a case to avoid its exercise of jurisdiction. In *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712 (1996), the Court declared that the federal courts have the power to dismiss cases based on abstention principles only where the relief sought is equitable or otherwise discretionary and may not do so in a common-law action for money damages. Justice O'Connor wrote:

> Under our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary. Because this was a damages action, we conclude the District Court's remand order was . . . unwarranted. *Id.*

For these reasons, the Court here declines to abstain from exercising jurisdiction, and must deny Defendants' motion in this respect.

### III.    Third Cause of Action

As an alternative to dismissal of the entire action, Defendants request dismissal of the third cause of action in Plaintiffs' First Amended Complaint, pursuant to FRCP 12(b)(6), on the grounds that it fails to state a valid claim. The Court finds that the cause of action is sufficiently pled under the applicable legal standards and therefore it should not be dismissed.

**1**    A complaint must contain a "short and plain statement of the claim showing that the pleader

**2** is entitled to relief." FRCP 8(a)  "Each averment of a pleading shall be simple, concise, and direct.

**3** No technical forms of pleading or motions are required." FRCP 8(e)  A plaintiff need not "set out

**4** in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short

**5** and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's

**6**

**7** claim is and the grounds on which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957.

**8**    An FRCP 12(b)(6) motion to dismiss is only appropriate if the moving party shows that the

**9** plaintiff failed to state a claim upon which relief can be granted. Such a motion can only be

**10** granted if it is beyond doubt that the plaintiff can prove no set of facts in support of the claim that

**11** would entitle the plaintiff to relief. FRCP 12(b)(6); *Williamson v. Gen. Dynamics Corp.,* 208 F.3d

**12** 1144, 1149 (9th Cir.2000). In this Circuit, a Rule 12(b)(6) motion is "viewed with disfavor and is

**13**

**14** rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F.2d 246, 249 (9th Cir. 1997). A 12(b)(6)

**15** dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963,

**16** 966 (9th Cir. 1981).

**17**    A complaint in federal court requires only "a short and plain statement of the claim

**18** showing that the pleader is entitled to relief." FRCP 8(a)(2). The complaint is sufficient if it gives

**19** the defendant "fair notice of what the . . .  claim is and the grounds upon which it rests." *Bell*

**20** *Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955.

**21**

**22**    Here, Plaintiffs' complaint more than sufficiently meets these standards with regard to the

**23** third cause of action for reimbursement. In that regard, Plaintiffs allege the following (at

**24** paragraphs 8, 12, 13, 15, 28 and 29 of their complaint):

**25**
**26**
**27**
**28**
> At all relevant times, Insureds owned, leased and/or managed a residential hotel called "Auburn Hotel," located at 481 Minna St., San Francisco, California. On or about August 23, 2007, several present and former residents of the Auburn Hotel (hereinafter referred to as "Tenants") sued Insureds in a suit styled *David Wilson, et al. v. Nikita Holdings, LLC, et al.* (San Francisco Superior Court Case No. CGC 07-466543) (hereinafter referred to as the "Underlying Action"). . . .

- 8 -

> Each of the Insureds tendered the defense of the Underlying Action to Burlington and FFIC.  Both Burlington and FFIC accepted the tenders and agreed to provide a defense to each of the Insureds in the Underlying Action, subject to a full reservation of all rights. . . . Included among the rights reserved by Burlington and FFIC in their acceptances of the Insureds' tenders were their rights: . . . (d) to seek reimbursement from Insureds for any payments made in settlement or judgment related to non-covered damages.
>
> Tenants submitted a collective demand against all defendants in the Underlying Action for an amount in excess of $2 million.  FFIC, Burlington, and the other insurance companies providing Insureds with a defense are actively negotiating a possible settlement of the Underlying Action for an amount less than said demand. . . .
>
> Plaintiffs contend that neither the Burlington Policies nor the FFIC Policies provide coverage in favor of Insureds for most of the damages/claims for relief for which Tenants have sued them in the Underlying Action and/or for most of the costs of defending Insureds in the Underlying Action.
>
> Burlington and FFIC contend that they are entitled to recover some or all of any indemnity and/or settlement proceeds they have paid and/or will pay to Insureds, or to any party on behalf of Insureds, pursuant to *Blue Ridge Ins. Co. v. Jacobson* (2001) 25 Cal.4th 489.

These allegations amply put the Defendants on fair notice as to exactly what relief is being requested here.

Defendants also contend that the cause of action fails to state a valid claim because Plaintiffs will ultimately lose on that cause of action.  Defendants ask the Court to consider extrinsic evidence that goes to Defendants' defenses against the cause of action.

The review of whether a cause of action is legally sufficient is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving plaintiff. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The Court must "presume[] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889 (1990).  Contrary to Defendants' approach here, factual argument is inappropriate in a Rule 12(b)(6) motion, which tests only the legal sufficiency of the complaint.  The Court's analysis is limited to review of "the contents of the complaint, accepting the material factual allegations as true and construing them in the light most

favorable to the [non-movant]." *Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1332 (9th Cir. 1987). "In considering a 12(b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." *Nami v. Fauver*, 82 F.3d 63, 65 (3rd Cir. 1996).

As with the issues raised by Defendants regarding the jurisdictional amounts in controversy, in considering a 12(b)(6) motion, the Court is not permitted to evaluate whether or not ultimately Plaintiffs will be able to prove their claims for reimbursement. Possible difficulties Plaintiff might have in prevailing on the claims are generally of no concern in such a motion.

For these reasons, the Court here does not consider the extrinsic evidence offered by Defendants in support of their motion. Since the Court has found that the third cause of action is sufficiently pled, it should not be dismissed.

### IV.    Request for a Stay of Proceedings

Finally, Defendants move for a stay of this "Federal Court Action pending resolution of Defendants' State Court Action." Defendants cite no legal authority in support of their motion to stay. The Court declines to stay this action.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' Federal Court Action or, Alternatively, to Stay Plaintiffs' Federal Court Action and Dismiss Plaintiffs' Third Cause of Action for Reimbursement of Indemnity/Settlement Costs.

**IT IS SO ORDERED.**

Dated: September 2, 2009

_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

- 10 -