UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

BURLINGTON INS.CO.,

Plaintiff,

v.

VIKRAMSINH DEVDHARA,

Defendant.
_____/

No. C 09-00421 SBA (LB)

**ORDER SETTING BRIEFING SCHEDULE**

Plaintiffs asked for an expedited hearing on January 11, 2011, on their application to attach certain real properties owned by Defendants. *See* ECF No. 99. The court specially set the matter on its first available hearing date, January 13, 2011 at 11 a.m. The court directs the supplemental filings set forth in section II, below.

## I. STANDARD FOR PREJUDGMENT WRITS OF ATTACHMENT

Under Federal Rule of Civil Procedure 64, the California Attachment Law provides the remedy for obtaining prejudgment writs of attachment. *See Trachsel v. Buchholz*, No. C 08-02248 RMW, 2009 WL 839117, * 2 (N.D. Cal. Mar. 30, 2009). That statutory scheme is subject to strict construction. *Id.* (citing *Epstein v. Abrams*, 57 Cal. App. 4th 1159, 1167-68) (1997)).

Under California Code of Civil Procedure 483.010(a), a court may issue a prejudgment writ of attachment only if the claim sued upon is (A) a claim for money based on a contract, express or implied, (B) of a fixed or readily ascertainable amount not less than $500, exclusive of costs, interest, and attorney's fees. The claim may not be secured by real property, and it must be

commercial in nature. Cal. Civ. Code § 483.010(b) & (c). The court must make the following findings before it issues an order for attachment:

(1) The claim upon which the attachment is based is one upon which an attachment may be issued.

(2) The plaintiff has established the probable validity of the claim upon which the attachment is based.

(3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

(4) The amount to be secured by the attachment is greater than zero.

Cal. Civ. Code § 484.090(a). "The application must be supported by an affidavit showing that the plaintiff on the facts presented would be entitled to a judgment on the claim upon which the attachment is based." *Id.* § 484.030(a). Ordinarily the amount secured by an attachment equals the amount of the debt claimed by the Plaintiffs plus costs and fees allowed by the court. Cal. Code Civ. P. 482.110, 483.015(a). California law permits prejudgment attachment – a harsh remedy because it causes property holders to lose control of their property before claims are adjudicated – under very limited circumstances as a "'provisional remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment.'" *Pet Food Express v. Royal Canin USA, Inc.*, No. C -9-01483 MHP, 2009 WL 2252108 (N.D. Cal. July 28, 2009) (collecting cases and quoting *Martin v. Aboyan*, 148 Cal. App. 3d 826, 831 (1983)).

## II. THE APPLICATION AT ISSUE AND ORDER RE BRIEFING

Here, the application – which incorporates by reference the declaration filed at ECF No. 99-3 – at least facially appears to comply with most of the requirements of the California Attachment Law. In particular, the district court ruled in its summary judgment order on September 23, 2010, that Plaintiffs were entitled to recover (1) fees and costs paid to defendants to defend the underlying claims and to settle the underlying case, other than the Habitability Tort claim, and (2) all other settlement payments made by Plaintiffs in the underlying action. Declaration of David B.A. Depo, ECF No. 99-3 at 4 (citing summary judgment order at ECF No. 49). Ordinarily, the court would rely on any opposition to identify any errors, particularly given that the opposition must be "accompanied by an affidavit supporting any factual issues and points and authorities supporting any

legal issues raised." Cal. Code Civ. P. § 484.060(a); *see* Notice of Application and Hearing, ECF No. 99 at 1 (giving notice of hearing, procedures, and timing for opposition).

But here, the court has insufficient information to determine whether Plaintiffs have established a claim of a fixed or readily ascertainable amount not less than $500. *See* Cal. Code Civ. P. 483.010(a).

More specifically, the district court specifically allocated the fees and costs to exclude those attributable to the Habitability Tort claim, and also found that Plaintiffs had not provided an allocation of the settlement amounts. *See* ECF No. 49 at 11-13, 20. The district court then referred these issues and Plaintiffs' request for prejudgment interest to this court for determination. *Id.* at 21. The court set that matter for a hearing on December 2, 2010, but – following the parties' request that the hearing be continued to no earlier than February 3, 2011 – continued the hearing to February 17, 2011. ECF Nos. 93, 95.

Now, Plaintiffs seek prejudgment attachment of assets based on a declaration that contains the following information about the amount of the claim. *See* Depo Declaration, ECF No. 99-3. It states that "the [district] court has already ruled that plaintiffs are entitled to judgment in excess of $700,000 against defendants." *Id.* at 3 (only issue is precise amount of that judgment). The Depo declaration incorporates by reference another declaration filed in support of Plaintiffs' summary judgment motion, but the second declaration does not break down the fees or costs or allocate the settlement amounts. *See* Depo Declaration, ECF No. 99-3 at 4 and Exh. A, Declaration of Jacki S. Creighan. (That is why the district court determined that it could not decide the issues and referred them to this court for determination at the February 17, 2011 hearing.) The Depo declaration then states only that (a) $770,00 was paid toward "defense and indemnity of the underlying complaint" and (b) "Plaintiffs claim that the amount owed by and recoverable from defendants is no less than $700,000, representing the total indemnity settlement amounts paid, attorneys fees and costs paid to the underlying plaintiffs, defense fees paid to defend the insured against non-covered claims, and prejudgment interest." *Id.* at 4.

The court cannot tell from Plaintiffs' filings whether this cursory showing satisfies the requirement that the claim must be for a fixed or "readily ascertainable amount" not less than $500.

*See* Cal. Code Civ. P. 483.010(a); *see also Douglas v. Smith*, No. SACV 09-1365-DOC (MLGx), 2010 WL 1734903, *5 (C.D. Cal. Apr. 28, 2010) (concluding that Plaintiff's uncontradicted declaration established her entitlement to $1 million);[1] *CIT Group/Equip. Financing, Inc. v. Super DVD, Inc.*, 115 Cal. App. 4th 537, 540-41 (2004) (damages need not be liquidated but must be measurable by reference to the contract, which here provided a damages formula (monthly rent times unexpired term). Plaintiffs' application is a stock California form, and the Depo Declaration contains no citations to any legal authority and does not appear to set forth the evidentiary facts with particularity.

Accordingly, the court **ORDERS** Plaintiffs to address this issue by **Tuesday, December 28, 2010.** Defendants may file any opposition under the normal opposition time set forth in the notice of hearing. *See* ECF No. 99 (five court days before hearing).

The parties may modify any of these deadlines by stipulation so long as all filings are complete by five court days before the noticed hearing. Given that the issues about the amount of the claim are the subject of the February 17, 2011 hearing, the parties also may stipulate to continue the January 13, 2010 hearing to February 17, 2011 (or to the court's other regularly-scheduled law and motions calendars on January 20, 2011, and February 3, 2011) and extend their corresponding filing deadlines accordingly. Given the district court's rulings, the court also directs the parties to meet and confer about whether the parties can stipulate to attachment of the properties or some other remedy that satisfies Plaintiffs' concerns about dissipation of assets. If this eliminates the need for a hearing on January 13, 2011, the parties may vacate the hearing by stipulation.

**IT IS SO ORDERED.**

Dated: December 22, 2010

_____
LAUREL BEELER
United States Magistrate Judge

---

[1] Even if Defendants did not contradict Plaintiffs' declaration here, it is unclear whether the declaration would be sufficient to establish the amount of the claim, given the district court's observations in the summary judgment order.

Order Re Briefing (C 09-00421 SBA (LB))

4