UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>VIKRAMSINH DEVDHARA, et al.,<br><br>Defendants. | Case No: C 09-00421 SBA<br><br>**ORDER DENYING REQUEST TO EXTEND DEADLINES**<br><br>Dkt. 136 |

    The parties are presently before the Court on their Stipulation and Proposed Order to Extend Discovery-Related Pretrial Deadlines, which was filed on April 20, 2011. (Docket 136.) In the stipulation, the parties seek to extend deadlines for general factual discovery, designation of expert, expert discovery cutoff and the filing of motion in limine papers. The Court's decision on this request is guided by Federal Rule of Civil Procedure 16. Pursuant to Rule 16(b)(3)(A), district courts must enter a scheduling order to establish deadlines to, among other things, "complete discovery" and "file motions." Scheduling orders may also include "dates for pretrial conferences and for trial." Fed.R.Civ.P. 16(b)(3)(B)(v). Once a Rule 16 scheduling order is entered, the schedule "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotations omitted). Thus, if the party seeking the modification of the scheduling order "was not diligent, the inquiry should end." Id. at 609. For the reasons stated below, the Court finds that the parties have not established good cause and were not

1  diligent with regard to their request for an extension of deadlines, and therefore DENIES
2  the parties' request for an extension of deadlines.
3      Trial is set in this matter for July 18, 2009.  The parties contend the Court's ruling
4  on their motions scheduled for hearing on May 17, 2011 will define the remaining scope of
5  discovery for trial, and therefore seek to extend the discovery and motion in limine
6  deadlines.  The Court has reviewed the motions scheduled for hearing on May 17, 2011
7  (Docket 126, 128, 131, 132, 135), and has determined that the parties raise arguments that
8  they raised with regard to Plaintiffs' motion for summary judgment, which was filed on
9  November 24, 2009 (Docket 49) and which the Court issued its ruling on September 23,
10 2010 (Docket 91).  Furthermore, the parties have been before the magistrate with regard to
11 the allocation and reimbursement of monies detailed in the Court's September 23 Order, as
12 well as the parties' arguments pertaining to attachment of Defendants' property to secure
13 payment of such monies.  On February 28, 2011, the magistrate issued her report and
14 recommendation. (Docket 130.)  Subsequent to the filing of the magistrate's report and
15 recommendation, the parties brought their current motions.
16     The parties have had the Court's ruling pertaining to the issues raised in their
17 motions scheduled to be heard on May 17 since September 23, 2010 (the Court's
18 September 23 Order (Docket 91)), or, at the very latest, since February 28, 2011 (the
19 magistrate's report and recommendation (Docket 130)).  The record in this action shows
20 that the parties have been fully aware of the scope of the issues involved in the trial of this
21 matter since September 23, 2010, or, at the latest February 28, 2010, and therefore they
22 have been fully aware of the scope of discovery and motion in limine issues involved in the
23 trial of this matter since those dates.  The parties have failed to show good cause to
24 continue the trial date of July 18, 2011 or any of the discovery and motion in limine
25 deadlines connected with that trial.  Therefore, the Court DENIES the parties' request for
26 an extension of the deadlines because they have failed to show good cause and they have
27 not acted with diligence.
28

1  Moreover, in connection with the parties' motions in limine, IT IS HEREBY
2  ORDERED THAT the Parties' Stipulation and Request for July 18, 2011 Trial Date and
3  Pre-Trial Schedule Pursuant to Court's Order Filed 11/2/2010 (Dated 11/1/2010), And
4  Order (Docket 98) ("Pre-trial Order") is modified with respect to the submission of motions
5  in limine.  Each side is to file all of their motions in limine in a single memorandum, not to
6  exceed ten (10) pages in length.  Each side shall file a single opposition brief, not exceed
7  ten (10) pages, and a reply brief, not to exceed five (5) pages.  The motion papers are due
8  on the dates detailed in the Pre-trial Order (Docket 98).  The Court will not consider any
9  motion in limine unless the parties have certified that they have first met and conferred, as
10  required by the Court's standing orders.  Any request to exceed the page limit must be
11  submitted prior to the deadline for these briefs and must be supported by a showing of good
12  cause and a certification that the applicant has met and conferred with the opposing party.
13  All other provisions of the Order for Pretrial Preparation shall remain unchanged.
14      IT IS SO ORDERED.
15  Dated:  May 11, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge